J-S58019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD CAPORAL, | |
| Appellant | No. 9 WDA 2014 |

Appeal from the Judgment of Sentence Entered July 24, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0000753-2009
CP-02-CR-0001797-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED OCTOBER 23, 2014**

Appellant, Richard Caporal, appeals from the judgment of sentence of an aggregate term of 6 to 12 years' incarceration imposed after he was convicted of multiple DUI offenses.  Appellant claims his sentence is illegal because the sentencing court failed to afford him credit for time served.  He also raises a challenge to the discretionary aspects of his sentence.  After careful review, we remand for the limited purposes of permitting the sentencing court to amend the sentencing order(s) to afford Appellant appropriate credit for time served, but otherwise we affirm his judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The sentencing court summarized the factual and procedural history of this case as follows:

Appellant, Richard Caporal, was charged by criminal information (200900753) with one count of DUI highest rate of alcohol,[1] one count of DUI general impairment,[2] and one count of BAC 0.02 or higher.[3]

_____

[1] 75 P.S. § 3802(c).
[2] 75 P.S. § 3802(a)(1).
[3] 75 P.S. § 1543(b)(1.1)(iii).

Appellant was charged by criminal information (200901797) with three counts of DUI general impairment, two counts of false report,[4] two counts of accident causing damage to unattended vehicle,[5] and two counts of driving while license suspended.[6]

_____

[4] 18 PaC.S. § 4906(a).
[5] 75 P.S. § 3745(a).
[6] 75 P.S. § 1543(b)(1).

On February 4, 2011, Appellant proceeded to a jury trial before the Honorable David R. Cashman at CC 200900753, at the conclusion of which a mistrial was declared pursuant to a hung jury. On June 8, 2011, Appellant proceeded to a jury trial at CC 200901797, at the conclusion of which he was found guilty of three counts of DUI general impairment, one count of accident involving damage to unattended vehicle, and one count of driving while license suspended. On June 23, 2011, Appellant pled guilty to the information as filed at CC 200900753 and was sentenced at both informations on that date.

A motion for reconsideration of sentence was filed on July 5, 2011, which was denied by operation of law on December 8, 2011. Appellant filed a [Post Conviction Relief Act] Petition on January 27, 2012, to reinstate [his] post[-]sentence rights, which was granted on January 30, 2012. On February 29, 2012, Appellant filed a notice of appeal. On February 19, 2013, the Superior Court vacated Appellant's sentences and ordered resentencing for RRRI consideration.

- 2 -

On April 23, 2013, Appellant filed a motion for recusal, which was granted on May 9, 2013. Both cases were thereafter transferred to this Trial Court.

On July 24, 2013, Appellant was sentenced by the Trial Court to the following:

Count one (CC 200900753): DUI highest rate of alcohol — two to four years['] incarceration;

Count three (CC 200900753): BAC 0.02 or higher — two to four years['] incarceration to be served consecutive to the period of incarceration imposed at count one;

Count one (CC 200901797): DUI general impairment second offense — two to four years['] incarceration to be served consecutive to the period of incarceration imposed at count three (CC 200900753);

Count six (CC 200901797): driving while license suspended — sixty days['] incarceration to be served concurrent to the period of incarceration imposed at count one (CC 200901797).

Thus, the aggregate sentence was six to twelve years['] incarceration. Appellant received credit at CC 200900753 from February 15-19, 2011; Appellant received credit at CC 200901797 from January 22-February 13, 2009, and from February 15, 2011-July 19, 2011. Appellant was deemed RRRI eligible.

Appellant filed a post[-]sentence motion on July 31, 2013, which was denied by the Trial Court on November 27, 2013. This timely appeal follows.

Trial Court Opinion (TCO), 5/22/14, at 2-4.

Appellant now presents the following questions for our review:

I.    Is a sentence illegal if Appellant fails to receive credit time when the credit was not applied to any other case?

II.   Does a sentencing court abuse its discretion by imposing an excessive sentence without adequately addressing all required sentencing factors?

Appellant's Brief at 9 (unnecessary capitalization omitted).

We begin with Appellant's second issue in which he challenges the discretionary aspects of the sentence imposed by the sentencing court.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra**, **supra** at 912-13.
>
> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. **Id.**

- 4 -

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant filed a timely notice of appeal, preserved his claim in a post-sentence motion, and provided a Rule 2119(f) statement in his brief. Accordingly, it only remains for us to consider whether he presents a substantial question for our review, and we conclude that he does. Appellant claims his sentence was imposed without consideration of statutory sentencing factors set forth in 42 Pa.C.S. § 9721(b) of the Sentencing Code, particularly that the sentencing court failed to consider his rehabilitative needs. A claim that a sentence is inconsistent with a specific provision of the Sentencing Code presents a substantial question for our review. ***See Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010) (finding that a sentencing court's failure to consider "Appellant's rehabilitative needs and the protection of society" raises a substantial question).

We now turn to the merits of Appellant's claim. We review Appellant's sentence for an abuse of discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

Appellant contends that the sentencing court failed to consider his rehabilitative needs when it sentenced him to 6 to 12 years' incarceration. Specifically, Appellant argues that his convictions stem from his addiction to alcohol, which "had not been sufficiently treated" during his previous incarceration for similar offenses. Appellant's Brief at 32 (citing N.T., 7/24/13, at 8). Appellant asserts that he "wanted a chance to obtain appropriate treatment for his addiction with the support of his family, move forward with his life, and become a productive member of society." *Id.* at 32-33 (citing N.T., 7/24/13, at 10). He notes that no one was injured as a result of his offenses, and yet he was sentenced in a manner far more consistent with a conviction for homicide by vehicle, which carries a maximum possible penalty of ten years' incarceration. *Id.* at 32.

The sentencing court rejected this claim, finding that "the record clearly establishes that, prior to resentencing Appellant, the [court] considered all relevant factors[.]" TCO at 8. The sentencing court then referenced the following statement that it had made during Appellant's sentencing hearing:

> As to [Appellant], the Court has taken into account the Sentencing Guidelines. They'll be made part of the record. Also, the two Pre-sentence Reports as referenced earlier in this proceeding, one for Judge O'Toole in December of 1994, and the second for Judge Cashman in May 2011.

The Court understands the individualized sentence[ing scheme] instituted in Pennsylvania calls into play the [Appellant's] background, which is detailed in the Pre-sentence Report, criminal history, of course, detailed in the Pre-sentence report, reflected in the prior record score, as reflected in the Guidelines.

[The] Court takes into [account] its sentencing function mindful of the protection of the public, and gravity of the offenses, and impact on the community, as well as the rehabilitative needs of the defendant.

The Court has taken into account the statement made on his behalf today by [counsel], including the consequences of his conduct, losing his home, not seeing, but hearing of his grandchildren being born, his attendance at AA classes, his age, his continued membership in the Carpenters Union, his work history reflected in the Pre-sentence Report, family support which he enjoyed in the past and apparently still does to the present day, although he has had a very tumultuous family life in a sense of his alcohol addiction has caused significant financial problems to himself and his family in that regard, also, his progress and history as an inmate to date.

The Court notes in terms of his history, the driving under the influence convictions and episodes charged [and] detailed in the Pre-sentence Report, summarized in the end of the Presentence Report, the latest Pre-sentence Report, indicating that the defendant -- this is quoted from the Pre-sentence Report, not including the present ones, the ensuing three years, three decades, this is referring to his first -- his earlier convictions, that the defendant had been convicted of a total of 11 times for that offense, and these two would be 12 and 13.

The vehicle, his driving history is significant in terms of the violations that, again, the Pre-sentence Report, [Appellant's] driving privileges have continuously been suspended since 1978. Since 1977 he's incurred numerous violations, including traffic light violation, chemical refusal eight times, exceeding maximum speed two times, driving under the influence nine times, reckless driving one time, driving while suspended or revoked ten times, not paying the fines, and driving under suspension, DUI related three times.

As to that date, [the] 2011 date, his privileges were suspended until 2033. […]

The Court notes [Appellant's] statement today; and certainly there is no question that the alcoholism has […] ruined your life. It so significantly negatively impacted it, that it has robbed you of a much more meaningful and productive life, not only in the work place, but in terms of your own family. Those consequences, of course, are your own.

The Court in this instance notes that you have had the benefit of many different sentences, including probation, community supervision, intermediate punishment, incarceration at the local level, and, in fact, a period of incarceration at the State level for one to two years in Huntsdale. Yet you continue to re-offend.

The Court in this instance believes that, while taking into account everything I have, that I have mentioned, and my [empathy] for you and your family, that in this instance his history is such that no matter what rehabilitative measures are available to you, you chose not to avail yourself to them. They had no effect, and […] you continue to drink; and you, also, continue to drive […].

Taking all that into account, Mr. Caporal, the Court believes that, again, the protection of the public is a paramount interest here, has to be addressed here in light of your history and your refusal to stop drinking, and refusal to stop driving whether under the influence of alcohol or not.

Clearly, you just disregarded every admonition and restriction put on you by the Department of Transportation or the courts at the Common Pleas level in Allegheny and other counties.

TCO at 8-10 (quoting N.T., 7/24/13, at 11-16).

It is clear from the above statement that the sentencing court adequately considered Appellant's rehabilitative needs when fashioning his sentence. It is equally apparent that Appellant's extensive criminal history and the threat he posed to the public substantially outweighed consideration of his rehabilitative needs. We, too, empathize with Appellant's continued battle with addiction. However, it must be noted that Appellant's sentence

does not reflect judgment about his affliction. Instead, his sentence is directed at behaviors that arise out of his addiction, behaviors that continue to put the safety of his fellow citizens at significant risk. Under such circumstances, we must conclude that the sentencing court did not abuse its discretion in fashioning Appellant's sentence.

Appellant next claims that he is entitled to credit for time he spent incarcerated prior to sentencing. Specifically, Appellant contends he did not receive credit for time served from 1/17/09 to 1/22/09 and from 7/19/11 to 7/24/13. This matter is not in dispute. The Commonwealth agrees that Appellant is entitled to credit against the balance of his sentence for these periods of incarceration. Commonwealth's Brief at 13-14. The trial court also agrees, stating that it "acknowledges that Appellant was inadvertently not given credit at his resentencing for that time, and that this was in error. Appellant's sentence should be amended to include time credit from [1/17/09 to 1/22/09], and [7/19/11 to 7/24/13]." TCO at 7. Accordingly, we remand this case to allow the sentencing court to amend Appellant's sentencing order[s] to reflect credit for time served during these periods.

Judgment of sentence **affirmed** in part, **vacated** in part. Case **remanded** for the amendment of the sentencing order(s) to reflect credit for time served. Jurisdiction **relinquished**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/23/2014